# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ROOSEVELT EMERSON,           )
                             )
    Plaintiff,             )
                             )
v.                           )    Case No. CV415-185
                             )
SPRING HILL SUITES,          )
JEFF MULLINGS,               )
MIKE CEROTTI,                )
                             )
    Defendants.            )

## REPORT AND RECOMMENDATION

"Employers covered by Title VII of the Civil Rights Act of 1964 may not 'fail or refuse to hire or . . . discharge any individual, or otherwise ... discriminate against any individual . . . because of such individual's race.' 42 U.S.C. § 2000e-2(a)(1)." *Flowers v. Troup Cnty., Ga., Sch. Dist.*, ___ F. 3d ___, 2015 WL 6081186 at * 1 (11th Cir. Oct. 16, 2015). Proceeding *pro se*, Roosevelt Emerson has filed a race-based, employment discrimination case against Spring Hill Suites and two individuals. Doc. 1.

He also moves for leave to proceed *in forma pauperis* ("IFP") and for appointment of counsel. Doc. 2. Finding him indigent, the Court

**GRANTS** his IFP motion but his case must be dismissed because it fails to survive screening under 28 U.S.C. 1915(e)(2)(B)(ii) (mandating dismissal at the outset of those complaints that fail to state a claim for relief). Emerson complains that, while employed at "Springhill Suites" (evidently, a hotel), a co-worker named Cody Sell (sued individually in this case) repeatedly "called me a 'nigger.'" Doc. 1 at 4. Sell did that "repeatedly" on February 5, 2014, and Emerson reported that to his supervisor. *Id.* at 3. The supervisor met with the two men but failed to document that meeting. *Id.* at 4. Sell again used that epithet against Emerson over a month later, on April 11, 2014. *Id.* Plaintiff again reported that to his supervisor, who told Emerson that "Cody is not a racist and he asked me to ignore it." *Id.* at 4.

After "Sell repeated the 'N' word [yet] again, my supervisor [and named defendant here] Tim Scaddt decided to limit [Sell's] working hours to twice a week instead of 7 days a week. Then the next two weeks, [Sell] was added back to the schedule full-time." *Id.* Emerson pleads no further facts regarding liability for the hostile-work-environment employment discrimination claim that he raises here. For damages he wants "to be compensated for being racially discriminated

against three times on my job." *Id.* Hence, he seeks back pay, and pain and suffering:

> because this co-worker was trying to get me fired for a long time. I reported the discrimination issue thrice and the manager decided to deduct the employee's hours to twice a week. I do not believe that this was a fair punishment because this employee continued to call me the 'N' word and come to work late and never receive disciplinary actions for his disruptive behavior. My previous supervisor Tim decided to curse out the employee Cody Sell as a form of punishment. At this [sic] I feel I need to be compensated for being racially discriminated against, which is prohibited on the job.

*Id.*; *see also* doc. 2 at 4. Significantly, Emerson does *not* plead that he was discharged, constructively discharged, or suffered any retaliation from management. Rather, he implicitly contends that, because management did not deal with Sell harshly enough, this constitutes impermissible racial discrimination against him.

Emerson fails to state a claim for relief.[1] The Eleventh Circuit

---

[1] Pleading stage claims are analyzed under Fed. R. Civ. P. 8 & 12:

> Rule 8 requires that federal courts give pleadings a liberal reading in the face of a [Rule] 12(b)(6) motion to dismiss. This admonition is particularly true when the parties are proceeding *pro se*. Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. *See, e.g., Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, *see Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991), *or to rewrite an otherwise deficient pleading in order to sustain an action, see Pontier v. City of Clearwater*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

3

held in *Rojas v. Florida*, 285 F.3d 1339, 1344 (11th Cir. 2002), that in order "[t]o establish that a workplace constitutes a hostile work environment, a plaintiff must show that the workplace is *permeated* with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* at 1344 (internal quotation marks and citation omitted). It is objectively unreasonable to believe that the use of racially discriminatory language on one occasion by one co-worker away from the workplace is enough to permeate the workplace with "discriminatory intimidation, ridicule, and insult" and to "alter the conditions of the victim's employment and create an abusive working environment." *See id.*

*King v. Piggly Wiggly Alabama Distribution Co., Inc.*, 929 F.Supp.2d 1215, 1227-28 (N.D.Ala. 2013) (emphasis added). *King* noted one isolated incident. But three isolated racial slurs aren't enough, either:

> [T]he Eleventh Circuit has found against harassment when the claim involves only isolated instances where racially offensive language was used. *See Singleton v. Auburn Univ. Montgomery*, 520 F. App'x 844, 848 (11th Cir. 2013) (unpublished) (where black employee was referred to as a "Do Boy," was told "it's sad because of your color you need to ... watch your back," was told that his supervisor had commented that he would take care of [employee's] ass, and learned that a black co-employee was referred to as a "n ____," comments were not pervasive enough to amount to racial

---

*GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)(emphasis added); *Butler v. Broward County Cent. Examining Bd.*, 367 F. App'x 992-93 (11th Cir. 2010). Formulaic recitations of a claim's elements will not suffice; every complaint must contain sufficient factual matter which, if accepted as true, states a claim to relief that is plausible on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1301 (11th Cir. 2010); *Grissett v. H.J. Baker Bros.*, 2015 WL 5734452 at * 1 (S.D. Ala. Sept. 30, 2015).

harassment); *Brooks v. Hyundai Motor Mfg. Ala., LLC*, 444 F. App'x 385 (11th Cir. 2011) (unpublished) (no racially hostile work environment where black employee's team leader on more than one occasion said "you black folks" or "n\_\_\_\_," and employee testified they did not adversely affect her job performance); *Alexander v. Opelika City Schools*, 352 F. App'x 390, 393 (11th Cir. 2009) (unpublished) (no racial harassment where employee was called "boy" eight times over a span of two years and his supervisor discussed how to tie a noose around a person's neck, though comments were not directed toward employee and employee did not know whether comments were made in regard to African Americans); *McCann v. Tillman*, 526 F.3d 1370, 1378–79 (11th Cir. 2008) (white employees calling a black female employee "girl," two black male employees "boys," and another black female employee a "n bitch" over an extended period of time did not amount to racial harassment).

*Stallworth v. U.S. Air Force*, 2015 WL 1296023 at *12 (N.D.Fla. Mar. 23, 2015); *see also White v. City of Middletown*, 45 F. Supp. 3d 195, 211 (D. Conn. 2014) ("For racist comments, slurs and jokes to constitute a hostile work environment, there must be *more than a few* isolated incidents of racial enmity, meaning that instead of sporadic racial slurs, there must be a steady barrage or opprobrious racial comments.") (quotes, cites and alterations omitted; emphasis added).

Emerson's complaint is also defective in another respect. He names individual defendants, but employment discrimination suits are only permitted against an employer, not against a supervisor in his individual capacity, or against an individual co-worker. *Busby v. City of*

*Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."), cited in *Pouyeh v. UAB Dept. of Ophthalmology*, 2015 WL 5125656 at *3 (11th Cir. Sept. 2, 2015). They thus would be dismissed even if this case survived screening.

Since Emerson has failed to state a claim for relief, this case should be **DISMISSED**, though he is free to move for leave to amend within the 14-day Objection period set forth in Fed. R. Civ. P. 72(b)(2).

**SO REPORTED AND RECOMMENDED**, this 26TH day of October, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA